1
2
3
4
5

Julia E. Romano (SBN 260857)
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Tel: (213) 443-4355
jromano@kslaw.com

Attorney for Defendant
The Home Depot, Inc.

6
7

8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17

DAVID KAUFFMAN, individually and
on behalf of others similarly situated,

                                    Plaintiff,

            vs.

THE HOME DEPOT, INC.,

                                    Defendant.

Case No. 3:23-cv-00259-AGS-AHG

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF
DEFENDANT'S MOTION TO
DISMISS THE FIRST AMENDED
COMPLAINT**

**(Fed. R. Civ. P. 12(b)(1), Fed. R. Civ. P.
(b)(2), Fed. R. Civ. P. (b)(6), Civ. L.R.
7.2)**

18
19
20

Hearing Date:     September 22, 2023
Hearing Time:     2:30 p.m.
Judge:            Andrew G. Schopler
Courtroom:        5C

21
22
23
24
25
26
27
28

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE FIRST COMPLAINT

# **TABLE OF CONTENTS**

INTRODUCTION...................................................................................................1

PROCEDURAL HISTORY AND BACKGROUND.............................................2

ARGUMENT .........................................................................................................6

    I.      KAUFFMAN LACKS ARTICLE III STANDING.................................6

    II.    THE COURT LACKS PERSONAL JURISDICTION. ...........................10

    III.   THE FAC FAILS TO ALLEGE A CLAIM UNDER THE CIPA.............14

        A.     KAUFFMAN'S CIPA § 631 CLAIM FAILS FOR
               MULTIPLE SUBSTANTIVE REASONS. ...................................15

        B.     KAUFFMAN'S CIPA § 632.7 CLAIM FAILS
               BECAUSE HE DOES NOT ALLEGE THAT
               EITHER PARTY TRANSMITTED TELEPHONIC
               COMMUNICATIONS.................................................................22

        C.     KAUFFMAN IS NOT ENTITLED TO INJUNCTIVE
               RELIEF.........................................................................................24

CONCLUSION .....................................................................................................25

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201 (9th Cir. 2020) ................................. 12

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......................................................................... 14

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......................................................... 14

*BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549 (2017) ............................................................ 11

*Boschetto v. Hansing*, 539 F.3d 1011 (9th Cir. 2008) .................................................... 10

*Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 137 S. Ct. 1773 (2017) .............................................................................................. 10, 11, 14

*Byars v. Hot Topic, Inc.*, No. 5:22-cv-01652-JGB (KKx), 2023 WL 2026994 (C.D. Cal. Feb. 14, 2023) ................................................................................................ 22, 24

*Byars v. The Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358-SSS-KKx, 2023 WL 1788553 (C.D. Cal. Feb. 3, 2023) ........................................................................... 22

*Carroll v. J.M. Smucker Co.*, No. C 22-08952 WHA, 2023 WL 4053796 (N.D. Cal. June 15, 2023) ......................................................................................................... 13

*Chevron Corp. v. Donziger*, No. 12–mc–80237 CRB (NC), 2013 WL 4536808 (N.D. Cal. Aug. 22, 2013) ................................................................................................ 17

*City of L.A. v. Lyons*, 461 U.S. 95 (1983) ..................................................................... 24

*Cody v. Boscov's, Inc.*, No. 8:22-cv-01434-SSS-KKx, 2023 WL 2338302 (C.D. Cal. Mar. 2, 2023) .............................................................................................................. 22

*CJ Freshway Am. Corp. v. Meshquat Int'l Trading Co.*, No. 2:21-cv-08277-RGKMARx, 2022 WL 16942831 (C.D. Cal. Sept. 2, 2022) ..................................... 8

*CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066 (9th Cir. 2011) ................... 12

*Crouch v. Ruby Corp.*, No. 22-CV-711-MMA (JLB), 2022 WL 16747282 (S.D. Cal. Nov. 7, 2022) ............................................................................................................. 11

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ............................................................... 11

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021) .................. 11

*Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112 (9th Cir. 2014) ........... 8

*Graham v. Noom, Inc.*, 533 F. Supp. 3d 823, 827, 832 (N.D. Cal. 2021) ..................... 20

*Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982) ................................................... 7

*I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034 (N.D. Cal. 2022) ........................................... 8

*In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104 (9th Cir. 2013) ...................... 14

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT

*In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020) ............ 8, 20

*In re Frontier Co., Ltd.*, No. 19-MC-80184-LB, 2019 WL 3345348 (N.D. Cal. July 25, 2019) ................................................................................................................. 17

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008) ........................................ 15

*In re Google Assistant Priv. Litig.*, 457 F.Supp.3d 797 (N.D. Cal. 2020) .................... 15

*In re Zynga Priv. Litig.*, 750 F.3d 1098 (9th Cir. 2014) ......................................... 16, 17

*Javier v. Assurance IQ, LLC*, No. 20-CV-02860-CRB, 2023 WL 114225 (N.D. Cal. Jan. 5, 2023) .................................................................................................. 19, 20

*Javier v. Assurance IQ, LLC*, No. 20-CV-02860-CRB, 2023 WL 3933070 (N.D. Cal. June 9, 2023) ........................................................................................................ 24

*Ji v. Naver Corp.*, No. 4:21-cv-05143-HSG, 2022 WL 4624898 (N.D. Cal. Sept. 30, 2022) ................................................................................................................. 14

*Johnson v. Blue Nile, Inc.*, No. 20-cv-08183-LB, 2021 WL 1312771 (N.D. Cal. Apr. 8, 2021) ................................................................................................................. 20

*Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005 (9th Cir. 2015) .................. 15

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018) ......................... 4, 5

*Licea v. Am. Eagle Outfitters, Inc.*, No. EDCV221702MWFJPR, 2023 WL 2469630 (C.D. Cal. Mar. 7, 2023) ................................................................................... 16

*Licea v. Caraway Home Inc.*, No. EDCV 22-1791 JGB (SHKx), 2023 WL 1999496 (C.D. Cal. Feb. 9, 2023) ............................................................................... 11, 14

*Licea v. Cinmar*, LLC, No.CV 22-6454-MWF (JEM), 2023 WL 2415592 (C.D. Cal. Mar. 7, 2023) .................................................................................................... 23

*Lightoller v. Jetblue Airways Corp.*, No. 23-CV-00361-H-KSC, 2023 WL 3963823 (S.D. Cal. June 12, 2023) ................................................................................... 9

*L-Nutra, Inc. v. Prevail Sols., LLC*, Case No. 2:21-cv-04564-SB-KK, 2021 WL 6103084 (C.D. Cal. Oct. 12, 2021) .................................................................. 13

*Massie v. Gen. Motors LLC*, Civil Action No. 21-787-RGA, 2022 WL 534468 (D. Del. Feb. 17, 2022) ...................................................................................................... 9

*Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129 (E.D. Cal. 2021) ....................... 15, 22, 23

*Montantes v. Inventure Foods*, CV–14–1128–MWF (RZx), 2014 WL 3305578 (C.D. Cal. July 2, 2014) ............................................................................................. 22, 23

*NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938 (N.D. Cal. 2014) ............. 16

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151 (9th Cir. 2006) ................................... 10, 12

*Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015) ........................................................... 12

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT

*Popa v. Harriet Carter Gifts, Inc.*, 45 F.4th 687 (3d Cir. 2022) ....................................3

*Powell v. Union Pac. R. Co.*, 864 F. Supp. 2d 949 (E.D. Cal. 2012) ...........................19

*Ranza v. Nike, Inc.*, 793 F.3d 1059 (9th Cir. 2015) .....................................................11

*Revitch v. New Moosejaw, LLC*, No. 18-cv-06827-VC, 2019 WL 5485330 (N.D. Cal. 2019) .....................................................................................................................19, 20

*Sacco v. Mouseflow, Inc.*, Case No. 2:20-cv-02330-TLN-KJN, 2022 WL 4663361 (E.D. Cal. Sept. 30, 2022)..........................................................................................13, 14

*Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503 (C.D. Cal. 2021) ......................................10, 20

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004) .......10, 11, 12

*Silver v. Stripe, Inc.*, No. 4:20-cv-08196, 2021 WL 3191752 (N.D. Cal. July 28, 2021) ...............................................................................................................................24

*Sinatro v. Barilla Am., Inc.*, No. 22-cv-03460-DMR, 2022 WL 10128276 (N.D. Cal. Oct. 17, 2022).........................................................................................................24

*Smith v. LoanMe, Inc.*, 11 Cal. 5th 183 (2021) ...........................................................23

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016) .........................................................6, 9

*Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103 (S.D. Cal. 2021) .......................8

*Svenson v. Google, Inc.*, 65 F. Supp. 3d 717 (N.D. Cal. 2014) ...................................16

*Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, Case No., 18-cv-823-JLS-JLB, 2020 WL 6504947 (S.D. Cal. Nov. 5, 2020) .....................................12

*United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008)......................................16

*United States v. Reed*, 575 F.3d 900 (9th Cir. 2009) ...................................................16

*Valenzuela*, 2023 WL 3707181 (N.D. Cal. May 24, 2023) .........................16, 18, 22, 23

*Vitiosus v. Alani Nutrition, LLC*, No. 21-cv-2048-MMA, 2022 WL 2441303 (S.D. Cal. July 5, 2022).......................................................................................................24

*Walden v. Fiore,* 571 U.S. 277 (2014) ....................................................................10, 14

*Wiley v. Corr. Officer Rosales*, No. CV 19-1837 MWF (PVC), 2021 WL 1649523 (C.D. Cal. Mar. 22, 2021) ........................................................................................8

*Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 WL 17869275 (N.D. Cal. Dec. 22, 2022) ..................................................................................15, 20

*Wonderful Co. LLC v. Nut Cravings Inc.*, Case No. 2:20-cv-11738, 2021 WL 3598859 (C.D. Cal. Apr. 22, 2021)........................................................................13

*Yale v. Clicktale, Inc.*, No. 20-cv-07575-LB, 2021 WL 1428400 (N.D. Cal. Apr. 15, 2021) ................................................................................................................19

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT

*Yeager v. Airbus Grp. SE*, Case No. 8:19-cv-01793-JLS-ADS, 2021 WL 750836 (C.D. Cal. Jan. 26, 2021) ....................................................................................................12

*Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073 (C.D. Cal. 2021)..........9, 18, 19, 20

**Statutes**

18 U.S.C. § 2510(8) ...............................................................................................16

28 U.S.C. § 1331 .......................................................................................................2

28 U.S.C. § 1332 .......................................................................................................2

28 U.S.C. § 2511, et. seq ...........................................................................................2

Cal. Penal Code § 630 .............................................................................................21

Cal. Penal Code § 631 ......................................................................................passim

Cal. Penal Code § 632.7 ....................................................................................passim

**Rules**

Cal. Civ. Proc. Code § 410.10.................................................................................10

Fed. R. Civ. P. 4(k)(1)(A) ......................................................................................10

Fed. R. Civ. P. 8(a) .................................................................................................14

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT

1

## **INTRODUCTION**

2  This is one of a legion of lawsuits challenging the routine use of web-based

3 software services that help companies understand and improve their website design and

4 online user experience. These lawsuits have targeted a wide variety of companies,

5 including (but not limited to) Papa John's, Lululemon, Banana Republic, Bose, Disney,

6 Costco, T-Mobile, WebMD, Avis, Adidas, Norwegian Cruise Line, and General Motors.

7 In each case, the plaintiff asserts that the routine (and well-known) business practice of

8 monitoring website activity through "session replay" software violates decades-old

9 wiretapping statutes intended to penalize third-party eavesdroppers to phone

10 conversations. While Plaintiff David Kauffman characterizes this software as "spyware,"

11 First Amended Complaint ("FAC") ¶ 2, that description could not be further from the

12 truth. And the use of session replay software by Defendant The Home Depot, Inc.

13 ("Home Depot" or "Defendant") does not support a claim under California's wiretap

14 statute, the California Invasion of Privacy Act ("CIPA"), as Kauffman alleges.

15  Session replay is widely used by companies to reproduce a user's website

16 experience. Session replay captures certain user interactions on web applications,

17 including actions like mouse movements, clicks, typing, scrolling, swiping, and tapping,

18 along with underlying contextual user data. That information can, for example, allow a

19 website operator to diagnose and correct errors the user encounters on its website. Many

20 well-known online retailers collect this information—and have been doing so for several

21 years. Indeed, even this Court collects much of the same information.[1] At bottom, the

22 virtual monitoring at issue is akin to collecting information about a customer's activity

23 in a physical Home Depot store—*i.e.*, which store did he visit, what departments did he

24 walk through, which displays did he view, what products did he inspect, etc. That benign

25 conduct is not a violation of criminal statutes designed to prevent wiretapping.

26

---

27 [1] *See* Southern District of California, *Privacy Policy*, https://www.casd.uscourts.gov/
Privacy-Policy.aspx (The Court collects, among other things, "[t]he pages you visit . . .

28 for the purpose of evaluating and maintaining our site.") (last visited June 23, 2023).

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE
FIRST AMENDED COMPLAINT

With this context in mind, Kauffman's California wiretapping claims fail on several grounds. *First*, Kauffman lacks Article III standing to assert a claim under the CIPA because he has not alleged a concrete injury—*i.e.*, that recording Kauffman's interaction with Home Depot's website violates any recognized privacy interest. *Second*, the FAC does not allege that Home Depot is subject to personal jurisdiction in California, and indeed it is not.[2] *Third*, the FAC fails to state a claim for relief under the CIPA for multiple reasons. Kauffman's CIPA § 631 (Count I) claim fails because the FAC does not allege (1) that telephonic or telegraphic communication are at issue; (2) that session replay software collected the "contents" of communications; (3) that Home Depot is otherwise liable for "using" data obtained in violation of the statute; or (4) that Home Depot aided or enabled a third-party eavesdropper to violate the statute. In addition, the internet transmissions at issue are not actionable under CIPA § 632.7 (Count II). Finally, at minimum, Kauffman lacks standing to seek injunctive relief. Accordingly, these claims should be dismissed in their entirety.

## PROCEDURAL HISTORY AND BACKGROUND

Kauffman filed his original complaint in this Court, invoking its subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and alleging that session replay technology on Home Depot's website, https://www.homedepot.com, recorded his browsing session without his consent in violation of federal and California wiretapping statutes. *See* ECF No. 1. After Home Depot moved to dismiss the original complaint, ECF No. 10, Kauffman filed the operative First Amended Complaint. Kauffman has, in essence, narrowed the scope of his lawsuit by withdrawing claims for certain patterns of wiretapping or recording activity under the federal wiretap act, Electronic Communications and Privacy Act, 28 U.S.C. § 2511, *et. seq.*, and CIPA § 632. Kauffman

---

[2] Like the original, the FAC improperly names The Home Depot, Inc, which is not a retailer and made no contact with Kauffman. It is the parent company of Home Depot, U.S.A., Inc. which is a home improvement retailer. *See* ECF No. 11. In any event, the Court lacks personal jurisdiction over both entities.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

has now limited his claims to those brought under CIPA § 631(a) (Count I) and CIPA § 632.7 (Count II).

As amended, however, the FAC still fails to state a claim for relief. Kauffman alleges he visited Home Depot's website on his cell phone an unspecified number of times "[o]ver the past year," and that he "was in California during each visit." FAC ¶¶ 38,42. Kauffman claims Home Depot's website "operates at least one 'session replay' JavaScript in its HTML code with the script's provider, Quantum Metric, or another provider." *Id.* ¶ 48. Kauffman claims that Home Depot and Quantum Metric ("Quantum" or "QM") used this software to "learn and understand the meaning of" his and others' "electronic communications with Defendant's website," including "credit card numbers entered, CVV codes, billing zip codes, first names, last names, phone numbers, addresses, email addresses, mouse clicks and movements, keystrokes, search terms, words and text typed, information input, pages and content viewed, scroll movements, and copy and paste actions." *Id.* ¶¶ 40-41, 43, 73. Kauffman claims these "communications" "travel their normal path between the consumer's phone and [Home Depot's] servers, but the communications are tapped and copied and sent to the Quantum's servers as well" where they can be accessed in "real time or later." *Id.* ¶ 13, 52, 55; *see also id.* ¶ 53 (alleging that "Plaintiff's browser [began] sending information to Quantum as Plaintiff navigated through Defendant's website, such as communicating that Plaintiff had searched for certain items").[3]

Kauffman alleges that he did not understand that this information was being captured by Home Depot and/or QM, despite clear disclosures on Home Depot's website. *See id.* ¶¶ 59-65 (citing Home Depot's Privacy & Security Statements as of February 3, 2023, and "all previous statements" before November 8, 2022 as they appeared at

---

[3] The Court should disregard Plaintiff's citation to *Popa v. Harriet Carter Gifts, Inc*., 45 F.4th 687, 690 (3d Cir. 2022), to "describe[] the software." FAC ¶ 53. *Popa* did not involve Home Depot or QM, and there is no indication the software performs identically.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

https://www.homedepot.com/privacy/privacy-and-security-statement).[4]  The Home Depot Privacy & Security Statements ("Statements") at issue apply "to the information we collect in association with your interactions with us, including, but not limited to: [u]se of our websites, including mobile websites." Exhibit 1, November 7, 2022 Home Depot Privacy and Security Statement ("November 7, 2022 Statement") at 2; Exhibit 2, February 3, 2023 Home Depot Privacy and Security Statement ("February 3, 2023 Statement") at 1. The Statements explain what information Home Depot may collect from website visitors, including "identifiers" such as name, email address, username, physical address, device identifier, and IP address, as well as "information about your interaction with our websites, applications, electronic communications." Exhibit 1, November 7, 2022 Statement at 3; Exhibit 2, February 3, 2023 Statement at 2. The Statements also explain that such information is collected from "you or the devices you use to access [Home Depot's] digital services, such as websites" and that Home Depot may share this information with third parties for business purposes. Exhibit 1, November 7, 2022 Statement at 3; Exhibit 2, February 3, 2023 Statement at 2 In addition, the Statements contain a section on "tracking tools" Home Depot uses when customers visit its website. Exhibit 1, November 7, 2022 Statement at 20-25; Exhibit 2, February 3, 2023 Statement at 14-15. That section clearly discloses that these "tools may collect information about your activities over time and on various digital services offered by us or others." Exhibit 1, November 7, 2022 Statement at 20; Exhibit 2, February 3, 2023 Statement at 14. Moreover, as Kauffman acknowledges, "[i]n the Current Statement, Defendant discloses that 'Session replay software may be used to record and replay your interaction'" with

---

[4] Home Depot requests that the Court deem the Statements incorporated by reference into the FAC, because "plaintiff refers extensively to the document[s]" and they "form[] the basis of plaintiff's claim" that Home Depot recorded his browsing activity without his consent. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Although the FAC refers to "all previous statements" before November 8, 2022, FAC ¶ 61, Home Depot has specifically provided the November 7, 2022 Statement for the Court's reference as Ex. 2.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT

the website. FAC ¶ 64. Kauffman does not allege that he did not read these disclosures during the relevant period, that he did not understand them, or that he ever contacted Home Depot to inquire about the information that was being collected.

Separately, the FAC also incorporates a version of QM's "Terms and Conditions"[5] (the "Terms"), which Kauffman cites for the proposition that QM "used Plaintiff's communications for its own commercial benefit." *Id.* ¶ 84. In reality, the Terms only permit QM to "use certain Aggregated Data" and "data and other information related to the provision, use, and performance" of its session replay software "to perform analysis and statistical reporting and for auditing, research and analysis to operate and improve Quantum technologies and services." Ex. A § 4.3; *see also* FAC ¶ 84. The Terms specify that "Aggregated Data" means "aggregated statistical information and data that is not identifiable to any person or entity." Ex. A § 4.3. Further, contrary to Kauffman's allegations, the Terms expressly prohibit configuration of QM's software to capture "Sensitive Personal Information," which includes, *inter alia*, "password data" and "any data related to payment processing, including but not limited to any financial account number, credit card number, debit card number, CVV2, banking account or routing number, credit report information, in each case with or without any required security code, access code, personal identification number, or password . . . ." *Id.* §§ 1.12, 3.3. The Terms also provide that QM "shall not retain, use, sell, share, rent, transfer, distribute, or otherwise disclose or make available Customer Data for the benefit of anyone other than Customer without Customer's prior written consent, or as otherwise

---

[5] Home Depot also requests that the Court consider QM's "Terms and Conditions" (https://iam.quantummetric.com/terms-and-conditions, also attached hereto as Exhibit 3), which are incorporated by reference in the FAC because "plaintiff refers extensively to the document" and it "forms the basis of plaintiff's claim" that QM is a third-party eavesdropper. *Khoja*, 899 F.3d at 1002. Home Depot assumes, without admitting, that these Terms are applicable to the alleged Home Depot-QM relationship solely for purposes of this motion, consistent with the standard of review.

permitted under applicable privacy laws." *Id.* § 4.2. And Kauffman does not allege that Home Depot has given any such consent.[6]

Based on these facts, Kauffman alleges that Home Depot's use of session replay software violated two sections of CIPA: Cal. Penal Code § 631 (Count I) and Cal. Penal Code § 632.7 (Count II). FAC ¶ 1. Kauffman seeks to bring his claims on behalf of two classes of California persons: (1) a CIPA § 631 class of those "whose communications were tapped by a person Defendant aided, agreed with, employed, or conspired" with; and (2) a § 632.7 class of those whose "cellular communications were recorded by Defendant or an entity Defendant assisted." *Id.* ¶ 100. Kauffman seeks statutory and punitive damages, injunctive relief, attorney's fees, and costs on behalf of himself and the putative class. *Id.* p. 26 ("Prayer for Relief").

## **ARGUMENT**

## I.   KAUFFMAN LACKS ARTICLE III STANDING.

To establish "the irreducible constitutional minimum" of standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (cleaned up).[7] "To establish injury in fact, a plaintiff must show that he or she suffered an invasion of a legally protected interest that is concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id.* at 1548 (cleaned up). "[T]raditional tangible harms," such as physical and monetary harms, qualify as "concrete" injuries. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021). So do certain "intangible harms" that have a "close relationship

---

[6] The FAC also includes a host of articles with generalized allegations about "some companies" that may use some form of session replay technology to record website browsing sessions. *See* FAC ¶¶ 21-23. Among other reasons, these articles are irrelevant because they were most recently updated in 2017—well outside the relevant statutory period and long before Kauffman alleges to have interacted with the Home Depot website.

[7] Internal citations and quotations have been omitted throughout unless otherwise stated.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

to harms traditionally recognized as providing a basis for lawsuits in American courts." *Id.* But courts may not "loosen Article III based on contemporary, evolving beliefs about what kinds of suits should be heard in federal courts." *Id.* In other words, legislatures "may not simply enact an injury into existence, using its lawmaking power to transform something that is not remotely harmful into something that is." *Id.* at 2205. "Article III grants federal courts the power to redress harms that defendants cause plaintiffs, not a freewheeling power to hold defendants accountable for legal infractions." *Id.* (cleaned up). Notably, *Ramirez* represented a marked departure from prior Supreme Court precedent, which had posited that "the actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373 (1982).

Here, Kauffman contends that Home Depot's use of session replay software "constituted invasions of privacy because it disregarded [his] statutorily protected rights to privacy, in violation of CIPA." FAC ¶ 96. That broad statement, however, is not supported by law or fact. Kauffman alleges that Home Depot and QM used session replay to capture his and others' "credit card numbers entered, CVV codes, billing zip codes, first names, last names, phone numbers, addresses, email addresses, mouse clicks and movements, keystrokes, search terms, words and text typed, information input, pages and content viewed, scroll movements, and copy and paste actions." *Id.* ¶¶ 40-41, 43, 73. As an initial matter, QM's Terms and Conditions state that its customers, such as Home Depot, must configure its use of the QM code and service to "refrain from collecting or transmitting" "any data related to payment processing, including . . . credit card number[s]" and "CVV2," which expressly contradicts Kauffman's allegations that the software captured his "credit card" information and other payment information he entered into Home Depot's website. *Compare id.* ¶¶ 9, 20, 41, 43, 73 *with* Ex. A §§ 1.12, 3.3.[8]

---

[8] Indeed, since Plaintiff has alleged the Terms govern Home Depot's use of QM's software, FAC ¶¶ 54, 84, any inference that Home Depot circumvents this policy to record such data would be speculative, conclusory, and not entitled to a presumption of

Where, as here, "documents [incorporated by reference into the complaint] conflict with allegations in the complaint," the court "need not accept those allegations as true." *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2014) (brackets in original).[9]

The remaining data is certainly not "sensitive" information. *See, e.g.*, *In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589, 598-99 (9th Cir. 2020) (explaining that a right to privacy is violated when the defendant "reveal[s] an individual's likes, dislikes, interests, and habits over a significant amount of time, without affording users a meaningful opportunity to control or prevent the unauthorized exploration of their private lives") (cleaned up); *I.C. v. Zynga, Inc.*, 600 F. Supp. 3d 1034, 1049–50 (N.D. Cal. 2022) (finding disclosure of "basic contact information, including one's email address, phone number, or . . . username" inadequate to establish Article III standing based on the "insufficient fit between the loss of information alleged here and the common law privacy torts of private disclosure of private facts and intrusion upon seclusion"). It follows, then, that Kauffman does not claim that he personally suffered any actual monetary, physical, or reputational losses. *See* FAC. pp. 26-27 ("Prayer for Relief"). And he does not allege it is likely that any of these alleged injuries will occur

---

truth. *See Vann v. Aurora Loan Servs. LLC*, No. 10-CV-04736-LHK, 2011 WL 2181861, at *6 (N.D. Cal. June 3, 2011) (declining to accept as true an inference where plaintiff had "not alleged" facts to support the same).

[9] Otherwise, plaintiffs like Kauffman could "surviv[e] a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1121 (S.D. Cal. 2021). Thus, the court should credit QM's Terms to the extent they conflict with the FAC's allegations. *See CJ Freshway Am. Corp. v. Meshquat Int'l Trading Co*., No. 2:21-cv-08277-RGKMARx, 2022 WL 16942831, at *3 (C.D. Cal. Sept. 2, 2022) (declining to credit allegation contradicted by purchase agreement incorporated by the complaint which resulted in dismissal because it rendered the theory of liability implausible); *Wiley v. Corr. Officer Rosales*, No. CV 19-1837 MWF (PVC), 2021 WL 1649523, at *7 (C.D. Cal. Mar. 22, 2021) (crediting incorporated notice "that underlies the entirety of the claim" and dismissing the claim because the document "simply does not say what Plaintiff alleges it says.").

in the future.[10] In short, Kauffman does not allege how he has been harmed—he only alleges the capture of innocuous information. Even if this conduct supported a claim under the CIPA (and it does not, for the reasons discussed *infra*) that bare statutory violation would not amount to a concrete harm under *Ramirez* and *Spokeo*. *See Lightoller v. Jetblue Airways Corp.*, No. 23-CV-00361-H-KSC, 2023 WL 3963823, at *4 (S.D. Cal. June 12, 2023) (dismissing CIPA session replay claim for lack of Article III standing because the anonymized, non-personal website browsing data allegedly recorded was "insufficient to allege a concrete harm that bears a close relationship to the substantive right of privacy" necessary for an injury-in-fact).

The District of Delaware dismissed a session replay case for lack of standing on similar facts. *Massie v. Gen. Motors LLC*, Civil Action No. 21-787-RGA, 2022 WL 534468 (D. Del. Feb. 17, 2022). Like Kauffman, the *Massie* plaintiffs asserted claims under the CIPA based on GM's collection of data regarding their browsing activities on GM's website. *Id.* at *1-2. And they also equated their "injury" to an invasion of privacy. *Id.* at *3. The district court rejected the analogy. In doing so, it distinguished "a slew of cases in which courts have recognized invasion of privacy as an injury sufficient to confer standing" on the basis that those cases involved the collection and disclosure of sensitive personal information or otherwise involved the collection of data *outside* the user's interactions with the website provider and data collector. *Id.* at *3-4. By contrast, the *Massie* plaintiffs did not "allege that any of their information collected by the Session Replay software was personal or private within the common law understanding of a privacy right," and therefore they had "not suffered a concrete injury . . . ."[11] *Id.* at *3

---

[10] Kauffman claims that collection of "sensitive personal information . . . exposes visitors to potential identity theft, online scams, and other unwanted behavior"—but again, he has not plausibly alleged any such information was collected or that it is likely he could be exposed to such risks. *See* FAC ¶ 20.

[11] Relatedly, a number of district courts have dismissed invasion of privacy claims under the California Constitution—which is broader than its federal counterpart—based on the use of session replay software. *See, e.g., Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT

The same is true here, and this Court should reach the same result. Kauffman has not alleged any harm, let alone a harm with a "close relationship to harms traditionally recognized as providing a basis for lawsuits in American courts." *See Ramirez*, 141 S. Ct. at 2204. As such, he lacks standing to maintain this lawsuit.

## II.     THE COURT LACKS PERSONAL JURISDICTION.

When a defendant moves to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). "Where, as here, there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *see* Fed. R. Civ. P. 4(k)(1)(A). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Id.* at 800-01; *see* Cal. Civ. Proc. Code § 410.10. To satisfy those due process requirements, courts may only exercise personal jurisdiction over defendants who have minimum contacts with the forum such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Walden v. Fiore,* 571 U.S. 277, 283 (2014).

"There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008); *see Bristol-Myers Squibb Co. v. Superior Ct. of California, San Francisco Cnty.*, 137 S. Ct. 1773, 1779-80 (2017). On one hand, general personal jurisdiction turns on whether the defendant "is fairly regarded as at home" in the forum and thus subject to a court adjudicating "any claim against [it]." *Id.* at 1780. On the other hand, specific jurisdiction is proper where the suit "aris[es] out of

1073, 1085-86 (C.D. Cal. 2021); *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 525 (C.D. Cal. 2021). While not directly on point, these cases underscore that there is no privacy interest at issue here.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT

or relate[s] to the defendant's contacts with the forum" "but only as to a narrower class of claims." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014); *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). Where, as here, a complaint "establishe[s] neither general nor specific jurisdiction over" the defendant in the forum, then the court must dismiss the lawsuit for want of jurisdiction. *Schwarzenegger*, 374 F.3d at 807.

Kauffman's FAC does not allege that Home Depot is incorporated in California or maintains its principal place of business in the State—the "paradigm bases for general jurisdiction." *Daimler AG*, 571 U.S. at 137 (alterations accepted); *see also BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1559 (2017). Rather, Kauffman acknowledges that Home Depot is a "Delaware corporation with its principal place of business located in Georgia." FAC ¶ 28. Thus, the Court "presumptively lacks general personal jurisdiction." *Crouch v. Ruby Corp.*, No. 22-CV-711-MMA (JLB), 2022 WL 16747282, at *4 (S.D. Cal. Nov. 7, 2022). To overcome this presumption, Kauffman must demonstrate this is an "exceptional case," *Daimler*, 571 U.S. at 139 & n.19, where Home Depot is "so heavily engaged in activity" in California that it is otherwise "at home" here. *BNSF Ry. Co.* at 1559. Courts measure such cases with an "exacting standard" because the result would be a "much broader" scope of judicial authority over the defendant where the forum court could adjudicate *any* claim against the defendant. *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1069 (9th Cir. 2015); *see Bristol-Myers Squibb Co.*, 137 S. Ct. at 1780. And the FAC fails on that front too. Kauffman's unadorned assertions that Home Depot conducted business with California residents and knew that residents accessed its nationally available website are insufficient as a matter of law. *See, e.g., Licea v. Caraway Home Inc.*, No. EDCV 22-1791 JGB (SHKx), 2023 WL 1999496, at *7-8 (C.D. Cal. Feb. 9, 2023) (failure to establish general jurisdiction where complaint merely stated that defendant "does business with California residents").[12]

---

[12] Merely operating a website that can be accessed in the forum does not create general

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Without general personal jurisdiction, the Court may only adjudicate Kauffman's claims if (1) Home Depot "purposefully direct[ed]" its activities toward California; (2) Kauffman's claims "arise[] out of" those forum-related activities; and (3) the exercise of jurisdiction is "reasonable." *Schwarzenegger*, 374 F.3d at 802; *see also Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). In the digital context, "[n]ot all material placed on the Internet is, solely by virtue of its universal accessibility, expressly aimed at every [forum] in which it is accessed." *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1211 (9th Cir. 2020). Rather, a plaintiff must plead that a defendant website operator engaged in "something more"—for example, "individualized targeting" of the plaintiff or tailoring of the website to attract California residents—beyond just committing a "foreign act with foreseeable effects in the forum state." *See Caddy*, 453 F.3d at 1156-57; *see also Yeager v. Airbus Grp. SE*, Case No. 8:19-cv-01793-JLS-ADS, 2021 WL 750836, at *6 (C.D. Cal. Jan. 26, 2021) (noting that specific jurisdiction requires that defendant "targets California consumers above and beyond consumers in any other geographic locations," not just that California consumers "tend to use the website at issue and are average consumers of the goods on offer there").

Here, the FAC states that "[t]he privacy violations complained of herein resulted from [Home Depot's] purposeful and tortious acts directed towards citizens of California," FAC ¶ 33, but such "conclusory" and "boilerplate allegations" do not establish personal jurisdiction. *See Talavera Hair Prods., Inc. v. Taizhou Yunsung Elec. Appliance Co.*, Case No., 18-cv-823-JLS-JLB, 2020 WL 6504947, at *2-3 (S.D. Cal. Nov. 5, 2020). And Kauffman's general allegations that Home Depot marketed and sold goods in California (FAC ¶ 33), knew Californians used its website through "location-determining tools" (*id.* ¶ 34), and "included California-specific provisions in its privacy policy" (*id.* ¶ 35) do not move the needle—because there is no allegation that *the conduct*

---

jurisdiction. Otherwise, "'the eventual demise of all restrictions on the personal jurisdiction of state courts' would be the inevitable result." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1075-76 (9th Cir. 2011).

*in question* was specifically aimed at California. *See, e.g.*, *Wonderful Co. LLC v. Nut Cravings Inc.*, Case No. 2:20-cv-11738, 2021 WL 3598859, at *2 (C.D. Cal. Apr. 22, 2021) ("Selling products on the internet on a national scale is insufficient to establish personal jurisdiction in any one state without additional evidence of conduct focused on that state."); *see also L-Nutra, Inc. v. Prevail Sols., LLC*, Case No. 2:21-cv-04564-SB-KK, 2021 WL 6103084, at *3 (C.D. Cal. Oct. 12, 2021) (explaining that mere recognition that a state resident may use a website, including by reference to state laws, insufficient to show express aiming at that state); *see also Massie v. Gen. Motors Co.*, Case No. 1:20-cv-01560, 2021 WL 2142728, at *5-6. (declining to exercise specific jurisdiction in session replay case despite allegations that defendant's "Websites' Privacy Policies include a specific section dedicated to California law"). Likewise, Kauffman fails to plead that Home Depot knew that any "harm" allegedly caused by its actions "was more likely to cause harm in California than any other forum." *Sacco v. Mouseflow, Inc.*, Case No. 2:20-cv-02330-TLN-KJN, 2022 WL 4663361, at *5 n.2 (E.D. Cal. Sept. 30, 2022).

Ultimately, Kauffman's claims are based on Home Depot's operation of a nationally accessible website and its alleged use of session replay technology on that website, *see, e.g.*, FAC ¶¶ 2, 37-51, 100, neither of which "target[s] California or distinguish[es] California from any other state where [the] website is accessible," *see Massie*, 2021 WL 2142728, at *4.[13] Rather, the FAC merely alleges that the website "indiscriminately tracks data of all website visitors." *Carroll v. J.M. Smucker Co.*, No. C 22-08952 WHA, 2023 WL 4053796, at *4 (N.D. Cal. June 15, 2023) (dismissing website privacy claims for lack of personal jurisdiction). California courts considering similar claims challenging "software used to improve user experience and functionality on a nationally accessible website that is operated from [another state]" have declined to exercise personal jurisdiction the plaintiff alleged no "intentional conduct designed specifically to target and attract Californians (rather than customers nationwide) to [the

---

[13] Indeed, Kauffman previously asserted a claim on behalf of a nationwide class. ECF No. 1, ¶ 71.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT

defendant's website]." *See Massie*, 2021 WL 2142728, at *4-6 (dismissing wiretapping claims based on use of session replay on nationally accessible website); *Sacco*, 2022 WL 4663361, at *5 (dismissing claims based on use of session replay where "[t]he alleged harm—the recording of Plaintiff's visit to the . . . website and the collection of his personal data—would have occurred no matter the state Plaintiff was in").

This Court should reach the same conclusion and dismiss the FAC for lack of personal jurisdiction.[14] *See Caraway Home Inc.*, 2023 WL 1999496, at *9 (declining to exercise personal jurisdiction over website operator where complaint did not allege "if, or how, [it] aimed any of its business at California"); *Ji v. Naver Corp.*, No. 4:21-cv-05143-HSG, 2022 WL 4624898, at *4 (N.D. Cal. Sept. 30, 2022) (holding court lacked personal jurisdiction over operator of international app that was allegedly accessed in California absent allegations defendant "expressly aimed [the app] at the forum state").

## III.   THE FAC FAILS TO ALLEGE A CLAIM UNDER THE CIPA.

Apart from its jurisdictional deficiencies, the FAC also fails to state a claim under the CIPA. To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see* Fed. R. Civ. P. 8(a)(2). Plausibility in turn requires "more than a sheer possibility that a defendant has acted unlawfully," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Consequently, "[t]o render their explanation plausible, plaintiffs must do more than allege facts that are merely consistent with both their explanation and defendants' competing explanation." *In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1105 (9th Cir. 2013). And a court "need not accept as true

---

[14] For similar reasons, Kauffman fails to plead that his claims "arise out of" relevant, California-based contacts. The only fact linking Home Depot to Kauffman is his decision to access Home Depot's website in this state. FAC ¶ 41. "But the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. The "*relevant* conduct"–Home Depot's use of session replay technology on a nationally accessible website—did not occur within California, and "the mere fact that [this] conduct affected [a plaintiff] with connections to the forum State [does] not suffice to authorize jurisdiction." *See Bristol-Myers Squibb*, 137 S. Ct. at 1781-82.

allegations contradicting documents that are referenced in the complaint," *Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1008 (9th Cir. 2015), or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). Applying this rubric, none of Kauffman's claims state a viable cause of action.

### A. Kauffman's CIPA § 631 Claim Fails for Multiple Substantive Reasons.

Section 631 contains three operative causes, which cover three distinct and independent types of conduct: (1) "intentional wiretapping" of a telegraph or telephone, (2) "willfully attempting to learn the contents or meaning of a communication in transit over a wire," and (3) "attempting to use or communicate information obtained as a result of engaging in either of the two previous activities." *Mastel v. Miniclip SA*, 549 F. Supp. 3d 1129, 1134 (E.D. Cal. 2021) (citing *Tavernetti v. Superior Ct.*, 22 Cal. 3d 187, 192 (1978)). Section 631(a) also contains a fourth basis for liability, for anyone "who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the" other three bases for liability. *Id.* . Albeit unclear, Kauffman appears to assert a claim under all four clauses. *See* FAC ¶ 113. Regardless of which clause applies, each claim fails.

### 1. Clause One Does Not Apply to Internet-Based Transmissions.

As an initial matter, the first cause is inapplicable on its face as it only applies to communications over telephones or telegraphs and not through the internet. *See Williams v. What If Holdings, LLC*, No. C 22-03780 WHA, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) (determining "the first clause of Section 631(a) concerns telephonic wiretapping specifically, which does not apply to the context of the internet"); *In re Google Assistant Priv. Litig.*, 457 F.Supp.3d 797, 825-26 (N.D. Cal. 2020) (reasoning that the first clause "expressly requires that the unauthorized connection be made with any telegraph or telephone wire, line, cable, or instrument."). Although Kauffman claims to have used a cell phone to access Home Depot's website, FAC ¶ 38, numerous courts have held that the first clause does not encompass the use of a phone's internet

functionality. *See, e.g.*, *Valenzuela v. Keurig Green Mountain, Inc.*, No. 22-CV-09042-JSC, 2023 WL 3707181, at *2 (N.D. Cal. May 24, 2023) (dismissing CIPA § 631 claim because "Plaintiff accessed Defendant's website using the smartphone's *internet* capabilities, not the smartphone's *telephonic* capabilities. Thus, Plaintiff's argument fails because the statute—by its plain terms—does not apply to technologies other than telegraphs and telephones.); *Licea v. Am. Eagle Outfitters, Inc.*, No. EDCV221702MWFJPR, 2023 WL 2469630, at *6 (C.D. Cal. Mar. 7, 2023) ("[T]he Court determines that the first clause of section 631(a) does not apply to communications with a smart phone or Wi-Fi-enabled laptop."). This Court should reach the same result.

### 2.    Clause Two Does Not Apply to the Type of Data at Issue.

The second clause of CIPA § 631(a) penalizes a person who "reads, or attempts to read, or to learn the *contents or meaning* of any message, report, or communication . . . ." (emphasis added). The Ninth Circuit looks to the federal wiretap act to define "contents" of communications under the CIPA. *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 938, 954 (N.D. Cal. 2014) ("The analysis for a violation of CIPA is the same as that under the federal Wiretap Act."). Under the federal statute, "contents" means the "substance, purport, or meaning" of a communication, 18 U.S.C. § 2510(8)—that is, the "intended message conveyed by the communication." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014). The "contents" of a communication does not include "record information regarding the characteristics of the message that is generated in the course of the communication," such as the origination, length, and time of a telephone call; email, URL, and IP addresses; the geographic location of a mobile device; passwords and user IDs; and other basic identification and address information. *Id.*; *see also United States v. Reed*, 575 F.3d 900, 917 (9th Cir. 2009); *United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2008); *Svenson v. Google, Inc.*, 65 F. Supp. 3d 717, 721, 729 (N.D. Cal. 2014). Credit card information, which also does not reveal any substance or message of a communication, does not constitute "contents" either. *See In re Zynga*, 750 F.3d at 1107 (noting that "an allegation that Facebook and Zynga disclosed personally

identifiable information is not equivalent to an allegation that they disclosed the contents of a communication" and noting that the statutes at issue "do not preclude the disclosure of personally identifiable information" including "credit card numbers"); *see also In re Frontier Co., Ltd.*, No. 19-MC-80184-LB, 2019 WL 3345348, at *3 (N.D. Cal. July 25, 2019) (subpoena seeking account information including credit card payment and related information did "not seek the content of any communication"); *Chevron Corp. v. Donziger*, No. 12–mc–80237 CRB (NC), 2013 WL 4536808, at *6 (N.D. Cal. Aug. 22, 2013) (characterizing information associated with creation of account including "billing information," as not "contents" of a communication).

Here, Kauffman alleges that session replay captured his and others' "credit card numbers entered, CVV codes, billing zip codes, first names, last names, phone numbers, addresses, email addresses, mouse clicks and movements, keystrokes, search terms, words and text typed, information input, pages and content viewed, scroll movements, and copy and paste actions." FAC ¶¶ 40-41, 43, 73. Again, Kauffman's allegation regarding collection of payment information is directly contradicted by QM's Terms and should be rejected outright. *See supra*, pp.7-8 & n.8. But regardless, none of this constitutes the "contents" of any communication. Although the Ninth Circuit has noted that search terms may constitute "contents" in certain circumstances, *In re Zynga*, 750 F.3d at 1108, Kauffman has not alleged any facts that suggest the searches here—or any other information he typed—amounts to anything other than nonactionable "record information," *i.e.*, "information regarding the characteristics of the message" rather than the "intended message conveyed by the communication." *See id.* at 1106-09 (user's Facebook ID and the address of the webpage from which the user's request to view another webpage was sent "does not constitute the contents of a communication"). Because Kauffman does not plausibly allege that Home Depot accessed the "contents"

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT

of his purported communications, his claim under the second prong also fails. *See, e.g.*, *Yoon*, 549 F. Supp. 3d at 1083 (dismissing claim based on session replay software).[15]

### 3. Clause Three Is Inapplicable Absent a Violation of the Other Clauses.

"A finding of a violation under the third clause of § 631(a) is contingent on a finding of a violation of the first or second clause of § 631(a)." *Martin v. Sephora USA, Inc.*, No. 122-cv-01355JLTSAB, 2023 WL 2717636, at *11 (E.D. Cal. Mar. 30, 2023), *report and recommendation adopted*, No. 122CV01355JLTSAB, 2023 WL 3061957 (E.D. Cal. Apr. 24, 2023). As discussed *supra*, Sect. III.A.1-2, Kauffman's claims under those clauses fail. They also fail because "courts agree that § 631(a)'s first and second clauses apply only to third parties and not to participants of a communication," and it is undisputed that *Home Depot* was a known party to any "communication" at issue—*i.e.*, Kauffman's interactions with Home Depot's website. *See Martin*, 2023 WL 2717636, at *10. Accordingly, this claim should be dismissed as well. *Valenzuela*, 2023 WL 3707181, at *2 n.3 ("CIPA protects speakers from 'eavesdropping' by 'third parties.' . . . Thus, to the extent Plaintiff alleges Defendant directly violated Section 631(a)'s first, second, or third clause, that argument fails to state a claim.").

### 4. Home Depot Did Not Aid or Abet QM to Violate the CIPA Under the Fourth Clause.

Finally, the fourth clause of § 631(a) imputes liability against anyone "who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the" other three bases for liability under the statute. Cal. Penal Code § 631(a). Thus, a party may be subject to derivative liability where the third party is liable for recording the communications in violation of the first, second or

---

[15] This Court should not adopt the "contents" analysis in *Saleh*, which did not consider the data collected or otherwise cite any relevant authority to support its broad conclusion that "keystrokes and a video of Plaintiff's interactions with Nike's website" were "content communications." 562 F. Supp. 3d at 518.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT

third clauses of § 631(a).[16] For the same reasons set forth *supra*, Sect. III.A.1-2, QM's session replay software did not violate CIPA § 631(a) because of the nature of the website transmissions at issue (*i.e.*, over the internet and lacking any "content"), and therefore Home Depot could not have aided or enabled QM in any non-existent violation. But if there is any question (and there should not be), the Court should separately hold that QM, as Home Depot's software provider, is not an unlawful third-party eavesdropper.

In cases where the plaintiff alleges a software provider eavesdropped on communications with a website operator, the "dispositive question" is whether the third-party software was "merely a tool that Defendant used to record its own communications with plaintiff"—which is not actionable—or whether a third party independently eavesdropped on the communications—which potentially is. *Id.* (alterations accepted); *Javier v. Assurance IQ, LLC*, No. 20-CV-02860-CRB, 2023 WL 114225 at *3 (N.D. Cal. Jan. 5, 2023) ("[W]hether software providers . . . are third parties under California's eavesdropping statute, or mere tools used by websites, goes to the heart of the privacy concerns articulated in Section 631 and California cases interpreting it."). Based on this distinction, a number of district courts in California have rejected the notion that a session replay software provider is "a third-party eavesdropper" as opposed to "a vendor that provides a software service that allows its clients to monitor their website traffic." *Yale v. Clicktale, Inc.*, No. 20-cv-07575-LB, 2021 WL 1428400, at *3 (N.D. Cal. Apr. 15,

---

[16] "Courts disagree over whether conversation participants can be liable under [the fourth clause of § 631(a)] for aiding in wiretapping if they allow a third party to access the communication." *Yoon*, 549 F. Supp. 3d 1073, 1083 (C.D. Cal. 2021) (comparing *Revitch v. New Moosejaw, LLC*, No. 18-cv-06827-VC, 2019 WL 5485330, at *2 (N.D. Cal. 2019) (conversation participants may be liable for conspiracy because § 631 "was designed to protect a person placing or receiving a call from a situation where the person on the other end of the line permits an outsider to tap his telephone or listen in on the call") (citation omitted) *with Powell v. Union Pac. R. Co.*, 864 F. Supp. 2d 949, 955 (E.D. Cal. 2012) (conversation participants may not be liable for conspiracy to eavesdrop because a party may record its own conversation) (collecting cases)). Home Depot urges the Court to adopt *Powell*'s approach; however, as discussed above, Kauffman's claim also fails under the *Revitch* analysis.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

2021); *Graham v. Noom, Inc.*, 533 F. Supp. 3d 823 (N.D. Cal. 2021) (concluding third party who provided session replay software "to record what visitors are doing on the [defendant's] website, such as their keystrokes, mouse clicks, and page scrolling" was not an eavesdropper where there were "no allegations [that it] intercepted and used the data itself."); *Williams*, 2022 WL 17869275, at *3 (stating, "there are no facts here to suggest that ActiveProspect intercepted and used the data itself."); *Johnson v. Blue Nile, Inc.*, No. 20-cv-08183-LB, 2021 WL 1312771, at *1 (N.D. Cal. Apr. 8, 2021) (stating, plaintiff "does not plausibly plead wiretapping in violation of California law" because she "does not plausibly plead that FullStory eavesdropped . . . and pleads only that FullStory is Blue Nile's vendor for software services.").

Home Depot acknowledges that other courts have extended the reach of § 631. *See, e.g.*, *Javier*, 2023 WL 114225, at *6 (declining to dismiss where plaintiff alleged that the provider "monitors, analyzes, and stores information about visits to [the] websites," and that the provider "can use that information for other purposes"); *Yoon*, 549 F. Supp. 3d at 1081 (plaintiff alleged that the provider "captures, stores, and interprets her real-time data"); *Saleh*, 562 F. Supp. 3d at 521 (alleging that the provider "records the website user's interactions locally in the user's browser in real time, and then transmits that information to [the provider's] servers every few seconds"). In such cases, however, there is generally an allegation that the "eavesdropper" was a data broker who collected detailed, consumer-specific information for resale. *See, e.g.*, *Revitch v. New Moosejaw, LLC*, No. 18-CV-06827-VC, 2019 WL 5485330, at *1 (N.D. Cal. Oct. 23) (third party partnered with e-commerce sites to intercept visitor data and create marketing databases of consume information); *In re Facebook*, 956 F.3d at 596, 607-08 (Facebook tracked its users to third-party websites and then sold that data to advertisers). Here, by contrast, QM's Terms provide that it "shall not retain, use, sell, share, rent, transfer, distribute, or otherwise disclose or make available Customer Data for the benefit of anyone other than Customer without Customer's prior written consent, or as otherwise permitted under applicable privacy laws." Ex. A § 4.2. And there is no plausible

allegation that Home Depot has agreed to any such use of its data. Further, QM's use of "Aggregated Data" and other "data and other information related to the provision, use, and performance" of its own session replay software to assess its performance is entirely innocuous and in no way akin to the monetization of consumer-specific data in *Revitch* and *Facebook*.

At bottom, the gravamen of a CIPA § 631 claim is that a third party surreptitiously intruded on a conversation by eavesdropping. *See, e.g.*, Cal. Penal Code § 630 (explaining legislative intent in addressing "eavesdropping upon private communications"). To "'[e]avesdrop' is 'to listen secretly to what is said in private.'" *Id*. (quoting Webster's 7th New Collegiate Dictionary (1972)). But there is nothing surreptitious about Home Depot's alleged use of QM's session replay software. To the contrary, Home Depot's Privacy & Security Statements for its website explicitly disclosed to users (like Kauffman) that data regarding their interactions with the website could be collected by Home Depot and shared with third parties for business purposes. *See* Exhibit 1, November 7, 2022 Statement at 3, 13; Exhibit 2, February 3, 2023 Statement at 3, 14. The Statements explain what information Home Depot may collect from website visitors, including "information about your interaction with our websites, applications, electronic communications" and expressly state that "tracking tools" "may collect information about your activities over time and on various digital services offered by us or others." November 7, 2022 Statement at 3, 14; February 3, 2023 Statement at 3, 13. Moreover, the current Statement expressly discloses that "[s]ession replay software may be used to record and replay your interaction" with the website. February 3, 2023 Statement at 3. Kauffman cannot plausibly claim that there was anything *secretive* about Home Depot's conduct in the face of these public disclosures. To the contrary, it is a reality of modern websites that they rely on service providers for their operation, and that a user's interactions with a website will be collected and shared with the website operator and its service providers. Accordingly, Kauffman's § 631 claim fails.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT

### B. Kauffman's CIPA § 632.7 Claim Fails Because He Does Not Allege That Either Party Transmitted Telephonic Communications.

CIPA § 632.7 only protects communications "*between* [1] two cellular radio telephones, [2] a cellular radio telephone and a landline telephone, [3] two cordless telephones, [4] a cordless telephone and a landline telephone, or [5] a cordless telephone and a cellular radio telephone." Cal. Penal Code § 632.7(a) (emphasis added); *see also Montantes v. Inventure Foods*, CV–14–1128–MWF (RZx), 2014 WL 3305578, at *4 (C.D. Cal. July 2, 2014). Citing the plain language of CIPA § 632.7, a number of courts have held that "the communication must have a cellular radio or cordless telephone on one side, and a cellular radio, cordless, or landline telephone on the other side." *Byars v. Hot Topic, Inc.*, No. 5:22-cv-01652-JGB (KKx), 2023 WL 2026994, at *11 (C.D. Cal. Feb. 14, 2023). And "[d]etermining what type of telephone was used to receive the subject call is an element of a Section 632.7 claim."[17] *Id.* This claim fails on both sides of the equation.

*First*, CIPA § 632.7 does not protect the internet communications that Kauffman allegedly sent. Simply claiming that he and putative class members used "cell phones" to access Home Depot's website is not sufficient to invoke § 632.7, FAC ¶ 38, because the relevant question is whether the phone is *functioning* as a computer or as a phone. If the cellular phone is functioning as a computer, the statute does not apply—if it is functioning as a telephone, it does. *See Mastel*, 549 F. Supp. 3d at 1135. And consistent with that distinction, federal courts in California have declined to extend CIPA § 632.7

---

[17] One judge in another district has concluded that plaintiffs asserting violations of CIPA § 632.7 need not allege that the defendant used a covered telephone device. *Byars v. The Goodyear Tire & Rubber Co.*, No. 5:22-cv-01358-SSS-KKx, 2023 WL 1788553, at *5 (C.D. Cal. Feb. 3, 2023); *Cody v. Boscov's, Inc.*, No. 8:22-cv-01434-SSS-KKx, 2023 WL 2338302, at *2-3 (C.D. Cal. Mar. 2, 2023). Other judges have expressly declined to adopt this position. *See Valenzuela*, 2023 WL 3707181, at *6; *Byars*, 2023 WL 2026994, at *11 (stating that the *Goodyear* order "[c]ircumvent[ed] the plain language of Section 632.7" and ignored the factual reality of the allegations.). This Court should apply the plain language of the statute to reach the same conclusion.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

to online browser-based communications and similar functions. *Valenzuela*, 2023 WL 3707181, at *6 (N.D. Cal. May 24, 2023) (dismissing 632.7 claim after refusing to find that it "contemplates internet communications between a smart phone and an unspecified device on Defendant's end."); *Licea v. Cinmar*, LLC, No.CV 22-6454-MWF (JEM), 2023 WL 2415592 (C.D. Cal. Mar. 7, 2023) (holding that "Plaintiffs' allegation that they used a smart phone or a Wi-Fi-enabled laptop" to engage with website chat function failed to satisfy § 632.7); *see also Mastel*, 549 F. Supp. 3d at 1135 (copy and paste feature of iPhone). That same reasoning applies to the website browsing sessions that were allegedly recorded here: because Kauffman's cell phone functioned "as a computer, not [a] phone" when he used it to access Home Depot's website, it is not a device covered under CIPA § 632.7.[18] *Id*.

*Second*, Kauffman's claims that Home Depot used "computer code" and "computer servers" to capture his communications negate any suggestion that Home Depot used a telephone. FAC ¶¶ 7, 43. Critically, the statute requires that *both* parties use a device that falls within CIPA § 632.7's scope. *See Montantes*, 2014 WL 3305578, at *11 (stating that courts have "universally agreed" that a violation of § 632.7 requires the use of telephones).[19] Because Kauffman cannot allege that Home Depot used a qualifying device, the Court should dismiss Kauffman's CIPA § 632.7 claim. *See Valenzuela*, 2023 WL 3707181, at *6 (dismissing CIPA § 632.7 claim because "Plaintiff fails to allege how Defendant receives the messages sent via its chat feature" and finding "[n]o plausible allegation exists here that Defendant received Plaintiff's message on" a covered telephone); *Cinmar*, 2023 WL 2415592, at *1, 12-13 (dismissing claim with prejudice

---

[18] Indeed, Kauffman appears to acknowledge as much elsewhere in his FAC, where he alleges that Home Depot used session replay to "tap . . . the lines of internet communication of Plaintiff and Class Members." FAC ¶ 116.

[19] Kauffman's reliance on *Smith v. LoanMe, Inc*., 11 Cal. 5th 183, 202 (2021), makes no difference, because even though CIPA § 632.7 applies to "parties as well as nonparties," Kauffman must nonetheless allege that Home Depot used a qualifying device. *See Valenzuela*, 2023 WL 3707181, at *6.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

1   because "Plaintiffs' alleged communication through Defendant's website is not a

2   communication over telephone technology covered by section 632.7"); *see also Byars*,

3   2023 WL 2026994, at *12 (dismissing chat-based claim where plaintiff admitted

4   defendant website operator was not using a telephone).

### C. Kauffman Is Not Entitled to Injunctive Relief.

6          Finally, even if Kauffman's claims were properly pled (and they are not),

7   Kauffman lacks standing to seek injunctive relief. To obtain relief, a plaintiff must

8   demonstrate a "real or immediate threat that [he] will be wronged again—a 'likelihood

9   of substantial and immediate irreparable injury.'" *City of L.A. v. Lyons*, 461 U.S. 95, 111

10  (1983). This requires "a sufficient likelihood that he will again be wronged in a similar

11  way." *Id.* Kauffman cannot meet that burden because he cannot allege that he will ever

12  visit Home Depot's website without knowing about its alleged use of session replay

13  software. In other words, if Kauffman chooses to visit the Home Depot website in the

14  future, he cannot plausibly allege that his future visits to the website will be recorded

15  without his consent because he is on notice that Home Depot records his website

16  browsing activity. *Cf. Javier v. Assurance IQ, LLC*, No. 20-CV-02860-CRB, 2023 WL

17  3933070, at *2 (N.D. Cal. June 9, 2023) (dismissing CIPA § 631 claims with prejudice

18  after holding that plaintiff's interaction with the website's privacy policy placed him on

19  notice of recording activity, so all subsequent visits during the statutory period did not

20  violate CIPA § 631). Because Kauffman cannot be wronged in the manner alleged in the

21  FAC, he lacks standing to seek injunctive relief. *See, e.g.*, *Sinatro v. Barilla Am., Inc.*,

22  No. 22-cv-03460-DMR, 2022 WL 10128276, at *10 (N.D. Cal. Oct. 17, 2022) (plaintiffs

23  lacked standing to seek injunctive relief for false advertising claim once they became

24  aware of relevant facts because they would not be misled again in a similar way); *Vitiosus*

25  *v. Alani Nutrition, LLC*, No. 21-cv-2048-MMA, 2022 WL 2441303, at *7 (S.D. Cal. July

26  5, 2022) (similar).

27

28

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT

1

## **CONCLUSION**

For the foregoing reasons, Kauffman's FAC should be dismissed in its entirety for lack of Article III standing and lack of personal jurisdiction over Home Depot. Alternatively, the FAC should be dismissed for failure to state a claim. If any claims survive, Kauffman's request for injunctive relief should be dismissed.

Dated: June 23, 2023                    KING & SPALDING LLP

*/s/ Julia E. Romano*
Julia E. Romano
***Attorney for Defendant***
The Home Depot, Inc.

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT